**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L Wyatt,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-00712-PHX-ROS<br><br>**ORDER** |

On December 15, 2021, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending Anthony Wyatt's petition for writ of habeas corpus be dismissed with prejudice. (Doc. 13). According to the R&R, the petition is barred by the one-year statute of limitations. Petitioner requested and obtained an extension of time to file his objections. (Doc. 14, 15). Eventually Petitioner filed his objections, arguing the R&R applied the wrong standard regarding the "actual innocence" exception to the statute of limitations. (Doc. 16). Respondents filed a reply, arguing the R&R applied the correct standard and the petition should be found barred by the statute of limitations. (Doc. 17). Having reviewed de novo the portions of the R&R to which Petitioner objected, the R&R is correct, and the petition will be dismissed with prejudice.

As relevant here, on July 29, 2015, Petitioner pled guilty to three counts of "sexual exploitation of a minor." (Doc. 6-1 at 26). During the plea hearing, Petitioner's counsel provided the factual basis that on March 19, 2013, Petitioner "knowingly possessed" three photographs, each depicting "a minor that was in a sexual exploitation manner." (Doc. 6-

1 at 39-40).  After counsel spoke, the court asked Petitioner "Is that in fact what happened?" Petitioner responded "Yes, Your Honor."  (Doc. 6-1 at 40).  On January 5, 2016, Petitioner was sentenced to fourteen years imprisonment and lifetime supervision.

Petitioner filed a timely petition for post-conviction relief in state court.  That petition was dismissed on November 1, 2016.  Petitioner had until December 6, 2016, to seek review of that dismissal by the Arizona Court of Appeals.  Petitioner did not do so, meaning the federal one-year limitations period began to run on December 7, 2016, and expired on December 6, 2017.  Petitioner did not file his federal petition until April 19, 2021.

The R&R analyzes the timeliness of the petition under statutory and equitable tolling principles and concludes the petition is untimely.  Petitioner does not object to those portions of the R&R but, even if he had, the R&R's analysis regarding statutory and equitable tolling is correct.  Petitioner does object, however, to the R&R's analysis regarding the "actual innocence gateway" to avoiding the statute of limitations.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  That gateway allows for a habeas petition to avoid an otherwise-applicable statute of limitations bar in very rare circumstances.  As explained by the Supreme Court, the actual innocence gateway "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."  *Id.* at 395.  Petitioner has not presented such new evidence.

Petitioner does not clearly point to the "new evidence" establishing it is more likely than not that he would not have been convicted.  *Id.*  Instead, Petitioner merely refers to documents he received in response to requests he made under the Freedom of Information Act.  It appears Petitioner believes those documents include evidence establishing his innocence. (Doc. 16 at 4).  Petitioner does not explain, however, the exact documents he received, why those documents were not accessible earlier, or how those documents establish his innocence.  Without proffering and explaining the evidence that allegedly proves his innocence, Petitioner has not made a sufficient showing to take advantage of the

1    "actual innocence gateway."  Therefore, his petition is barred by the statute of limitations.

2        Accordingly,

3        **IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED IN**

4 **FULL**.  The petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED**

5 **WITH PREJUDICE**.

6        **IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because

7 dismissal of the petition is justified by a plain procedural bar and reasonable jurists would

8 not find the procedural ruling debatable.

9        Dated this 31st day of March, 2022.

10

11

12

13                                  Honorable Roslyn O. Silver
                                     Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28